GOLDEN IRVING V. STATE.

No. 26,466.   June 3, 1953.

*Paul W. Anderson,* Marshall, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

On a plea of guilty before the court, appellant was assessed a fine of $100 for the offense of possessing whisky in a container to which no tax stamp was affixed showing payment of tax due the state, in violation of Art. 666-17(13)—666-3a(4)—666-21d (5) V.A.P.C.

The court assessed the minimum punishment provided for the offense charged. See Art. 666-41 P. C.

There is no statement of facts in the record showing the evi-

dence heard on appellant's motion for new trial or on the trial proper, if any evidence was offered.

Appellant's bills of exception assert that he was coerced into entering his plea of guilty by a threat of the arresting officer that if he did not plead guilty and get out on a $100 fine he would take him to Federal court where he would get a greater fine, and certainly a jail sentence. There is no certification by the trial court that the facts alleged are true.

Nowhere is it alleged or claimed that appellant was not in fact guilty of the offense to which he pleaded guilty, and there is nothing to show that he was induced to so plead by any coercion, misrepresentation or fraud.

The trial court did not err in denying appellant a new trial upon the ground that he was coerced into pleading guilty.

The judgment is affirmed.